UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PRAETORIAN INSURANCE
COMPANY,

    Plaintiff,

v.                                                  Case No:   2:14-cv-612-FtM-38CM

PJM LIMITED PARTNERSHIP, LLP
and BOTANTICAL PLACE
CONDOMINIUM ASSOCIATION,
INC.,

    Defendants.
_____/

## ORDER[1]

    This matter comes before the Court on *sua sponte* review of the docket. Plaintiff Praetorian Insurance Company initiated this action by filing a Complaint for Declaratory Relief against Defendants PJM Limited Partnership, LLLP, and Botanical Place Condominium Association, Inc. on October 21, 2014. (Doc. #1). Praetorian Insurance asserts the Court has diversity jurisdiction over this matter.

    Claims properly brought in federal court pursuant to Section 1332(a) contain matters where the parties are completely diverse with regard to citizenship and where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a); Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1261 (11th

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

Cir. 2000). In an action filed directly in federal court, the plaintiff bears the burden of adequately pleading, and ultimately proving, jurisdiction. King v. Cessna Aircraft Co., 505 F.3d 1160, 1171 (11th Cir. 2007).

Praetorian Insurance asserts Botanical Place, a limited liability limited partnership, is incorporated under the laws of Florida with its principal place of business in Florida, and is therefore a citizen of Florida for diversity purposes. (See Doc. #1, at ¶7). Praetorian Insurance's understanding of a limited liability limited partnership's citizenship is misplaced. For diversity purposes, a limited liability limited partnership's citizenship is "a citizen of each state in which any of its partners, limited or general, are citizens." Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1021 (11th Cir. 2004) (citing Carden v. Arkoma Assocs., 494 U.S. 185, 195-96 (1990)). That is, "the long-standing rule that the citizenship of an artificial unincorporated entity generally depends on the citizenship of all the members composing the organization." Id. Here, Praetorian Insurance has not divulged who the partners are of Botanical Place nor where the partners are citizens. Therefore, Praetorian Insurance has failed to establish that the parties in this matter are completely diverse and that the Court has jurisdiction over this matter pursuant to Section 1332(a).

Accordingly, it is now

**ORDERED:**

1. Complaint (Doc. #1) is **DISMISSED without prejudice**.

2. Plaintiff Praetorian Insurance Company may file an amended complaint on or before **November 5, 2014**, that properly alleges federal jurisdiction. Failure to comply by the deadline will result in this matter being closed.

**DONE** and **ORDERED** in Fort Myers, Florida this 22nd day of October, 2014.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record